# NATIONAL REGISTERED AGENTS, INC

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  SHAUNA HOCKERT
LIFE TIME FITNESS, INC.
2902 Corporate Pl
Chanhassen, MN 55317-4773

SOP Transmittal #   **530329989**

866-286-4469 - Telephone

Entity Served:  LIFE TIME FITNESS, INC.  (Domestic State: MINNESOTA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of GEORGIA on this 12 day of December, 2016. The following is a summary of the document(s) received:

1.  **Title of Action:**  Ronald L. Baker, Jr., Pltf. vs. Life Time Fitness, Inc., etc., Dft.

2.  **Document(s) Served:**  Other: Summons, Complaint, Exhibit(s)

3.  **Court of Jurisdiction/Case Number:** Fulton County State Court, Fulton, GA
Case # 2016CV283530

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

    _X_ Personally served by:       _X_ Process Server       ___ Law Enforcement       ___ Deputy Sheriff       ___ U. S Marshall

    ___ Delivered Via:         ___ Certified Mail       ___ Regular Mail       ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:**   12/12/2016 11:08:00 AM CST

7.  **Appearance/Answer Date:**  Within 30 days after service, exclusive of the day of service

8.  **Received From:**     Ronald L. Baker, Jr.           9.  **Carrier Airbill #** 1ZY041160193260595
273 Highland Rose Way
Sugar Hill, GA 30518
404-645-2830             10.  **Call Made to:** Not required

11.     **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  SHAUNA HOCKERT  shockert@lifetimefitness.com

**NATIONAL REGISTERED AGENTS, INC**                    **CopiesTo:**

Transmitted by  Shakinah Edwards

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

Fulton County Superior Court
***EFILED***RM
Date: 12/7/2016 4:53:28 PM
Cathelene Robinson, Clerk



## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| Ronald L. Baker, Jr. | ) Case | 2016CV283530 |
|---|---|---|
| | ) No.: | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| Life Time Fitness, Inc. | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**TO THE ABOVE NAMED DEFENDANT(S):**

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Ronald L. Baker, Jr.
273 Highland Rose Way
Sugar Hill, GA 30518

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____12/7/2016_____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

**To defendant upon whom this petition is served:**
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
***EFILED***RM
Date: 12/7/2016 4:53:28 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RONALD L. BAKER, JR., | ) | |
| | ) | |
| Plaintiff. | ) | CIVIL ACTION NO. |
| | ) | 2016CV283530 |
| v. | ) | |
| | ) | |
| LIFE TIME FITNESS, INC., a Minnesota corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** *Pro Se* Plaintiff Ronald L. Baker, Jr. and files this Complaint

for breach of contract, quantum meruit, declaratory relief, and for violations of the

Fair Labor Standards Act (29 U.S.C. § 201- *et. seq.*) ("FLSA"), as amended, against

the above-named Defendant as follows:

## NATURE OF COMPLAINT

### 1.

Plaintiff brings this action against Defendant for breach of contract, quantum

meruit, declaratory relief, and violations of the Fair Labor Standards Act ("FLSA"), as

amended, for Defendant's failure to fully, completely and accurate pay earned piece

rate commission and to recover unpaid wages for off-the-clock work performed as a martial arts instructor at Defendant's Alpharetta and Sandy Springs fitness clubs.

## JURISDICTION

2.

This Court has jurisdiction with respect to the breach of contract, quantum meruit and declaratory relief claims because Defendant conducts business and employment in the State of Georgia at 5580 Roswell Road, Sandy Springs, Georgia.

3.

This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself ...".

## VENUE

4.

Defendant maintains more than one place of business in Fulton County including at 5580 Roswell Road, Sandy Springs, Georgia 30342 in Fulton County.

Accordingly, venue is proper in this Court for the breach of contract, quantum meruit and declaratory relief claims.

## PARTIES

### 5.

Plaintiff Ronald L. Baker, Jr. (hereinafter, "Mr. Baker"), an individual, is a resident of the State of Georgia and a martial arts instructor currently employed by Defendant.

### 6.

Defendant Life Time Fitness, Inc. (hereinafter, "Life Time") is a Minnesota corporation and an operator of fitness clubs throughout the United States.

## FACTUAL ALLEGATIONS (Breach of Contract)

### 7.

Mr. Baker was hired by Life Time on or about July 18, 2012 as a martial arts instructor to provide instruction for Life Time's Tigers Martial Art program, which offered martial arts instructional classes to its customers ranging in ages from 4 to 12, as well as adults. Each customer is contractually required to pay to Life Time an instructional fee of $50 per session for once weekly instruction or $70 per session for twice weekly instruction; each session being the equivalent of one month. There are

between four and eight classes per monthly session, each class being forty-five minutes in duration. The per-session fee as well as the class time duration are set only by Life Time.

8.

The employment agreement between Life Time and Mr. Baker provided, in pertinent part, that Life Time would pay Mr. Baker $8.50 per hour for providing instruction to its customers enrolled in the Tigers Martial Arts program. Life Time also promised to pay Mr. Baker an additional piece rate commission equal to 50% of the customer's monthly fee for martial arts instruction, subject to a deduction of all per-class hourly pay received the previous month. The relevant part of the agreement concerning compensation—*The Life Time Kids Martial Arts Program*—was reprised by Life Time's department manager, Courtney Henowitz, on March 27, 2013. *See* Exhibit 1.

9.

Commencing in 2013 and continuing through September 2016 (the "Relevant Time Period"), Mr. Baker complained to Life Time that his piece rate commission pay was inaccurate, incomplete and inconsistent with the customers taught and the fees that such customers were required to pay for Tigers Martial Arts instruction. Life

Time's inaccurate, incomplete and inconsistent piece rate commission pay to Mr.

Baker continues through the present.

10.

On numerous occasions beginning in 2013 and throughout the Relevant Time

Period, Life Time promised Mr. Baker that it would correct its erroneous

compensation accounting and that no further piece rate commission shortages would

occur. Mr. Baker relied on Life Time's promise.

11.

On or about August 9, 2014, Mr. Baker received $0.00 in piece rate

commissions and complained to Life Time about the shortage. Life Time's response

was that it falsely billed a Tigers Martial Arts customer for approximately one year

after that customer's requested termination of the program. Life Time then chose to

deduct this business loss from Mr. Baker's piece rate commission.

12.

Mr. Baker was never trained nor was he afforded authorized access to Life

Time's revenue accounting or customer billing information as it relates to the Tigers

Martial Arts program. On information and belief, this information is only accessible to

Life Time department heads and other designated staff.

13.

On or about September 9, 2015, Mr. Baker specifically complained to Life Time's corporate compensation department about inaccurate, incomplete and inconsistent piece rate commission pay. Rather than referring to its own accounting records, Life Time's corporate compensation department requested Mr. Baker's personally prepared and maintained Tigers Martial Arts accounting records to assist in resolving the discrepancy.

14.

During the Relevant Time Period, Life Time never disputed Mr. Baker's accounting of the actual customers to whom Mr. Baker provided martial arts instruction. Rather, Life Time contends that even though Mr. Baker provides instruction as required, Life Time will only compensate him based on the revenues Life Time collects. Curiously, Mr. Baker by virtue of his position, is prohibited from directly billing or otherwise collecting Tigers Martial Arts program fees from Life Time's customers.

15.

Life Time contends that refunds contribute to the inaccurate, incomplete and inconsistent piece rate commission pay of which Mr. Baker complains. According to Life Time, if a customer is provided a martial arts-related refund, such amount is

deducted from Mr. Baker's piece rate commission. However, Life Time's Tigers Martial Arts customer contract—the *Kids Registration Form*—provides that "[i]f a refund is granted, the refund will be issued in the form of a credit on the membership account". During the Relevant Time Period, Life Time department heads and corporate compensation department have denied knowledge of a written refund policy as it relates to the martial arts program. *See* Exhibit 2.

### 16.

Life Time's issuance of cash or monetary refunds to Tigers Martial Arts customers is contrary to the provisions of its Kids Registration Form contract. In doing so, Life Time improperly deducts these refund amounts from Mr. Baker's piece rate commission.

### 17.

Life Time fails to abide by its own Kids Registration Form contract by failing to enforce the Tigers Martial Arts program cancellation policy, which provides that Tigers Martial Arts customers who wish to cancel their program participation must provide "30 days notice" and that "all payments made ... prior to written cancellation are non-refundable". As a result of Life Time's failure to abide by its own Kids Registration Form contract, Life Time incurs unnecessary refunds; which losses are improperly deducted from Mr. Baker's piece rate commission.

18.

Life Time fails to abide by its own Kids Registration Form contract by failing to regularly collect the monthly fee of "$50 per month 1x week or $70 per month 2x week" from its martial arts customers. As a result, Life Time diminishes the revenues from which Mr. Baker's piece rate commission is paid.

19.

On or about August 12, 2016, Mr. Baker learned that Life Time was responsible for accessing one or more Tigers Martial Arts customer accounts and initiating monthly Electronic Funds Transfers ("EFT") using martial arts customers' credit card information without said customers' authorization.

20.

On information and belief, Life Time characterized the malfeasances referenced in paragraph 19 as "refunds", and have passed these types of business losses on to Mr. Baker by causing such losses to be improperly deducted from his piece rate commission.

21.

By failing to maintain accurate accounting records of the martial arts program; by failing to adhere to its own refund policy with respect to the martial arts program; and by contributing to the cause for refunds, Life Time has not paid Mr. Baker the

piece rate commission promised and has breached its employment agreement with Mr. Baker.

## FACTUAL ALLEGATIONS (FLSA Violations)

### 22.

At all times mentioned in this Complaint, Life Time has been an employer and enterprise engaged in commerce within the meaning of the FLSA. Life Time has employees engaged in interstate commerce. Life Time has an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times mentioned in this Complaint, Life Time was engaged in commerce as required by 29 U.S.C. §§ 206-207.

### 23.

Life Time operates fitness centers throughout the United States, and employs Mr. Baker as a martial arts instructor to provide instruction in its Tigers Martial Arts program. As a martial arts instructor, Mr. Baker did not: (a) manage an enterprise or a recognized department or subdivision of Life Time; (b) direct the work of two or more employees; (c) have the authority to hire or fire other employees; (d) perform office or non-manual work directly related to the management or general business operations of Life Time's customers; (e) exercise discretion or independent judgment with respect to matters of significance; or (f) customarily or regularly engage away from Life Time's place or places of business in performing his primary duty.

24.

Based on his duties, responsibilities, and compensation, Mr. Baker is not exempt from the requirements of the FLSA.

25.

During the Relevant Time Period, Life Time did not compensate Mr. Baker for all hours worked separate and apart from actual Tigers Martial Arts instruction classes. Rather, Life Time required Mr. Baker to perform financial and other accounting duties and tasks off the clock, but did not permit him to record this time nor has Life Time compensated Mr. Baker under any other separate wage profile.

26.

During the Relevant Time Period, Life Time required Mr. Baker to market the Tigers Martial Arts program during hours separate and apart from actual martial arts instruction classes. This marketing includes advertising material prepared by Mr. Baker as well as promotional events. Life Time has not compensated Mr. Baker hourly wages for this promotional and marketing work.

27.

During the Relevant Time Period, Mr. Baker organized and assisted in the organization of Tigers Martial Arts tournaments between Life Time clubs in the

Georgia regional area during hours separate and apart from actual Tigers Martial Arts instruction classes. Life Time has not compensated Mr. Baker the hourly wages for these significant promotional and goodwill-generating efforts.

28.

Between approximately May 2014 and September 2016, Mr. Baker taught a special "sparring class" separate and apart from the regular hours of the Tigers Martial Arts program class in a mandated effort to promote the martial arts program. Life Time has not compensated Mr. Baker hourly wages for these marketing and promotional efforts.

29.

Life Time's conduct alleged herein violates the FLSA, which prohibits the denial of payment of wages for all hours worked. As described above, Life Time willfully violated Mr. Baker's right to compensation guaranteed under the FLSA.

## CLAIM FOR RELIEF (BREACH OF CONTRACT)

30.

Mr. Baker incorporates the allegations contained in paragraphs 1 through 21 herein for all purposes.

31.

Mr. Baker and Life Time entered into an employment agreement in which Life Time agreed to pay Mr. Baker $8.50 per hour for providing martial arts instruction to its customers in the Tigers Martial Arts program. Life Time promised to pay Mr. Baker an additional piece rate commission equal to 50% of the customer's monthly fee for martial arts instruction, subject to a deduction of the previous month's per-class hourly wages paid.

32.

Mr. Baker complied with all conditions precedent and other requirements of the employment agreement.

33.

By Life Time's failure to pay all piece rate commissions due to Mr. Baker, Life Time breached the employment agreement.

34.

As a result of Life Time's breach of the employment agreement, Mr. Baker suffered damages in an amount to be proven at trial.

## CLAIM FOR RELIEF (Quantum Meruit)

35.

Mr. Baker incorporates the allegations contained in paragraphs 1 through 21 herein for all purposes.

36.

Mr. Baker complied with all conditions precedent and other requirements of the employment agreement.

### 37.

Mr. Baker provided martial arts instruction to Life Time's Tigers Martial Arts program customers.

### 38.

Life Time received the benefit of Mr. Baker's martial arts instruction services to its customers, such a benefit that a reasonable person would normally expect to pay.

### 39.

As a result of Life Time's failure to accurately, completely and consistently pay Mr. Baker the piece rate commission promised, Life Time has been unjustly enriched in an amount to be proven at trial.

### **CLAIM FOR RELIEF (FLSA Wage Violations)**

### 40.

Mr. Baker incorporates the allegations contained in paragraphs 1 through 30 herein for all purposes.

### 41.

Life Time violated the FLSA by failing to pay Mr. Baker for all hours worked in performing his duties to provide martial arts instruction.

### 42.

Life Time acted willfully in failing to pay Mr. Baker in accordance with the FLSA. Mr. Baker is therefore entitled to back pay equal to the amount of unpaid wages for the past 36 months and an additional equal amount as liquidated damages under § 216 of the FLSA, plus post-judgment interest, and all costs of court.

### CLAIM FOR RELIEF (FLSA Recordkeeping Violations)

**43.**

Mr. Baker incorporates the allegations contained in paragraphs 1 through 30 herein for all purposes.

**44.**

Life Time failed to create, maintain, and preserve accurate records with respect to Mr. Baker, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

### PRAYER

**45.**

Mr. Baker prays for judgment against Life Time as follows:

(a) Damages for Breach of Contract;

(b) Damages for Quantum Meruit;

(c) Declaratory relief to the effect that Life Time violated Mr. Baker's contractual rights;

(d) Declaratory relief to the effect that Life Time was unjustly enriched;

(e) Actual and liquidated damages for unpaid wages under the Fair Labor Standards Act;

(f) Pre-judgment and post-judgment interest as provided by law;

(g) All costs of court;

(h) Any other relief which this Court deems Mr. Baker is entitled.

Respectfully submitted this 6th day of December, 2016.

Ronald L. Baker, Jr.
273 Highland Rose Way
Sugar Hill, Georgia 30518
Telephone No. (404) 645-2830

*PRO SE PLAINTIFF*

## **EXHIBIT 1**



# LIFE TIME KIDS TIGERS
# MARTIAL ARTS PROGRAM
## September Updates



# **Payroll Structure**

- **Hourly employee with monthly net commission payout**
  - o May also have second wage profile for subbing and other functions
  - o Each pay period instructors are paid their corresponding hourly minimum wage
  - o On the 9th of each month, instructors are paid a net commission.

    1. Net commission is calculated by subtracting wages from gross commissions from the previous month.
    2. Example: The assumptions are an hourly wage of $8.25, 30% commission, top chart is for one class/wk, bottom chart is for 2 classes per week(two separate groups).

**Assumes 1 class/wk**

| Tigers/Class | Revenue | Gross Commission | Month Hourly Pay | Net Commission | Total Month Gross Pay | Hourly estimate |
|---|---|---|---|---|---|---|
| 6 | $ 270.00 | $ 81.00 | $ 33.00 | $ 48.00 | $ 81.00 | $ 20.25 |
| 12 | $ 540.00 | $ 162.00 | $ 33.00 | $ 129.00 | $ 162.00 | $ 40.50 |
| 15 | $ 675.00 | $ 202.50 | $ 33.00 | $ 169.50 | $ 202.50 | $ 50.63 |
| 20 | $ 900.00 | $ 270.00 | $ 33.00 | $ 237.00 | $ 270.00 | $ 67.50 |

**Assumes 2 classes/wk**

| Tigers/Class | Revenue | Gross Commission | Month Hourly Pay | Net Commission | Total Month Gross Pay | Hourly estimate |
|---|---|---|---|---|---|---|
| 6 | $ 540.00 | $ 162.00 | $ 66.00 | $ 96.00 | $ 162.00 | $ 20.25 |
| 12 | $ 1,080.00 | $ 324.00 | $ 66.00 | $ 258.00 | $ 324.00 | $ 40.50 |
| 15 | $ 1,350.00 | $ 405.00 | $ 66.00 | $ 339.00 | $ 405.00 | $ 50.63 |
| 20 | $ 1,800.00 | $ 540.00 | $ 66.00 | $ 474.00 | $ 540.00 | $ 67.50 |

**\*Commissions are paid on booked revenue and not students per class**



**LIFETIME kids** | **GROWING HEALTHY.**
**GROWING HAPPY.**

# Payroll procedures

## WEEKLY

KADH:

- o Ensure instructor is hired in as a Martial Arts Instructor and that the dept code is 342 – if they are not, the commission process with not work.
- o At the close of each payroll period audit/edit Kronos to make sure that instructors are only on the clock for class hours taught.

INSTRUCTOR:

- o Ensures that they are clocking according to SOP
- o Takes attendance at the beginning of every class.  Notes new or visiting students and reports them to the KADH.

## MONTHLY

KADH:

- o At the beginning and end of the month reconcile class roster versus paid customer reports in MMS to verify all payments have been received



# **EXHIBIT 2**

# Kids Registration Form

 

## Step One – Student Information

**Student #1**

First Name | Last Name | Member Number | DOB | Gender

Confirmed Class/Day/Time (Office Use Only): _____

**Student #2**

First Name | Last Name | Member Number | DOB | Gender

Confirmed Class/Day/Time (Office Use Only): _____

**Student #3**

First Name | Last Name | Member Number | DOB | Gender

Confirmed Class/Day/Time (Office Use Only): _____

Address        Street                                    City        State        Zip

Daytime Telephone        Evening Telephone        E-mail

Emergency Contact Name        Emergency Contact Telephone

**If participant(s) is/are under 18 years of age, please complete the following:**
**Parent Signature:** _____

**Office Use Only:**
Date Received_____ Received by_____
Confirmed in Person or by Phone? Date_____ Time_____
Processed in BOSS? Yes_____ No_____
Using LT Bucks or is 1st payment in MMS? _____
EFT set up? ____
Confirmation Email sent? Yes_____ No_____ Date:_____

## Step Two – Product Type & Class

**Program / Camp:**

- Parents' Night Out (Ages 4 to 12) - $10 member or $20 non-member
- School Break Day (Ages 5 to 12) - $41 per day member or $50 non-member
- Pre-School Adventure Days (3-4) - $16 per day member or $20 non-member
- Martial Arts (4 and up) - $50 per month 1x week or $70 per month 2x week

- Private Lessons: _____

- Other/ Special Event: _____

**Please note a class type in the table below for each student:**

|  | Camp / Program | Class Name, Day, Time | Fee |
|---|---|---|---|
| Student 1 |  |  |  |
| Student 2 |  |  |  |
| Student 3 |  |  |  |

Notes for Instructor: _____

_____

Desired Lesson Start Date: _____

Month                    Day            Year



LIFETIME
THE HEALTHY WAY OF LIFE COMPANY

## Step Three – Cancellation Policy/Waiver

## CANCELLATION POLICY — Initial here for agreement to the Cancellation Policy

**Cancellation Within 3 Days or Before First Service.** I may obtain a refund of any amount I have paid under this Agreement if I cancel it within three (3) business days of my registration date or before the first class, whichever is later.
**Cancellation After First Class:**

- Once the first class (after the 3-day window to cancel) has occurred, I may cancel this Agreement at any time with 30 days notice, but all payments I have made to or that have been processed by LTF prior to its receipt of my written cancellation notice are nonrefundable.
- I agree that I must pay for all classes scheduled within the 30 days after LTF's receipt of my Cancellation Request form, including by a supplemental point-of-sale payment for those classes (at a rate of ¼ of my Monthly Program Fee/class) that occur after the first of the month in which LTF has stopped my recurring Monthly Program Fee.
- I understand that there are 4 weeks during the year in which classes are not held. They are 4ᵗʰ of July, Thanksgiving, Christmas and New Year's.
- I understand that classes are not be held on Easter Sunday.
- I understand that if I miss a class I will not receive a refund for my missed class. If LTF cancels class for any reason LTF will reimburse me or schedule a suitable make-up class.
- If I live in Illinois or Virginia, I also have the rights set forth on the back of this Agreement, which rights apply to me in the event of any inconsistency with this provision.

**Parent's Night Out Cancellation Policy**

- I understand that I must provide at least 48 hours notice if I wish to cancel my Parent's Night Out reservation; if I do not cancel my Parent's Night Out reservation within 48 hours of the event, I understand that I will be charged in full for Parent's Night Out regardless of any applicable discounts or membership benefits.

**School Break Day Cancellation Policy** All cancellation requests must be made in writing to the Activity Center. Starting in January 2014, Life Time has changed their refund policy. A $50 non-refundable deposit will be required for all camps (deposit does not apply to single day camps in non-summer months). The $50 non-refundable deposit is included in the full week payment amount.

- If a cancellation request is received 30 days or more before the first day of camp I will receive a full refund of all camp fees paid, including the $50 deposit (when applicable). If a cancellation request is received 14 to 29 days prior to the first day of camp I will receive a refund for the amount paid for each full week of camp less the $50 non-refundable deposit. If a cancellation request is received by Life Time less than 14 days prior to the first day of camp, I will forfeit all fees for camp services.

## WAIVER

There is inherent risk of injury, whether caused by me or someone else, in the use of or presence at a Life Time Fitness center, the use of Life Time Fitness' equipment and services, and participation in Life Time Fitness' programs. This risk includes, but is not limited to (a) injuries arising from the use of any of the Life Time Fitness' centers or equipment, including any accidental or "slip and fall: injuries; (b) injuries arising from participation in supervised or unsupervised activities and programs within a Life Time Fitness center, to the extent sponsored or endorsed by Life Time Fitness; (c) injuries or medical disorders resulting from exercise at a Life Time Fitness center, including, but not limited to heart attacks, strokes, heart stress, sprains, broken bones and torn muscles or ligaments; and (d) injuries resulting from the action taken or decisions made regarding medical or survival procedures.

I understand and voluntarily accept this risk, I agree to specifically assume all risk of injury, whether physical or mental, as well as all risk of loss, theft or damage of personal property while I am using or present at any Life Time Fitness center, using any lockers, equipment or services at any Life Time Fitness center or participating in Life Time Fitness' programs, whether such programs take place inside or outside of a Life Time Fitness center. I waive any and all claims or actions that may arise against LTF Club Operations Company, Inc. ("LTF Operations"), its parent companies, affiliates, subsidiaries, successors, assigns, independent contractors and agents; as well as each party's owners, directors, employees or volunteers as a result of any such injury, loss, theft or damage, including and without limitation, personal, bodily or mental injury, economic loss or any damage resulting from the negligence of LTF Operations, its parent companies, affiliates, subsidiaries, successors, assigns, agents, independent contractors or anyone else using a Life Time Fitness center. If there is any claim by anyone based on any injury, loss, theft or damage that involves me, I agree to defend LTF Operations, its parent companies, affiliates, subsidiaries, successors, assigns, agents and independent contractors against such claims and pay such parties for all expenses relating to the claim, and indemnify LTF Operations, its parent companies, affiliates, subsidiaries, successors, assigns, agents and independent contractors for all obligations resulting from such claims.

## RELEASE OF IMAGE AND LIKENESS

The undersigned hereby irrevocably consents to and grants Life Time the exclusive and unlimited right to use and reproduce any and all photographs, slides, moving pictures, audio and visual recordings or testimonial accounts taken by Life Time that contain my Minor Participant's name, image, voice, likeness or account, for any lawful purpose whatsoever and using any means available including but not limited to any of Life Time' records, corporate public relations or marketing communication material, videos or online material, social media campaigns, either with or without the Participant's name or photo accompanying such quotation. I waive the right to inspect, approve or edit any such use or reproduction; and Life Time may make any and all changes, modifications, rearrangements, additions or deletions in its use reproductions without any approval.

**LIFETIME**
THE HEALTHY WAY OF LIFE COMPANY

**Policies** (subject to change)

1. Class fees are non-refundable, except in the following circumstances:—
   a. For medical disabilities, a prorated refund or credit will be given when participant provides a doctor's note stating they cannot participate in the program.
   b. If a class is canceled, every effort will be made to find a suitable class for the participant who has registered for the canceled class. If a suitable class cannot be found, the participant will be provided a full refund. If a refund is granted, the refund will be issued in the form of a credit on the membership account.
2. Make-up classes are not given for classes missed by participants.
3. We will follow the Child Center's policy to exclude sick children.
4. If the class I registered for includes use of the climbing wall I will need to sign a separate climbing wall waiver in order to participate.

I have read this Agreement thoroughly, understand all of its terms, received a copy, and have knowingly and voluntarily signed it. IF PARTICIPANT IS UNDER 18 YEARS OF AGE: I, the undersigned parent or legal guardian of the participant, hereby execute the foregoing for and on behalf of the participant.

X _____
  Signature                                Date

**The Following Terms and Conditions are Specific to Residents of Illinois and Virginia:**

**BUYER'S RIGHT TO CANCEL.** If you wish to cancel this contract, you may cancel by making or delivering written notice to Life Time Fitness. The notice must say that you do not wish to be bound by the contract and must be delivered or mailed before midnight of the third business day after you sign this contract. The notice must be delivered or mailed to the Life Time Fitness center where you signed this contract. If canceled within three business days, you will be entitled to a refund of all monies paid. The customer's rights to cancel described herein are in addition to any other contract rights or remedies provided by law. You may also cancel this contract if this club goes out of business or relocates and fails to provide comparable alternate facilities within five driving miles of the location designated in this contract. You may also cancel if you become physically unable to use a substantial portion of the club services for 30 or more consecutive days, and your estate may cancel in the event of your death. You must prove you are unable to use a substantial portion of the club services by a doctor, physician's assistant, or nurse practitioner's certificate, and Life Time Fitness may require that you submit to a physical examination, within 30 days of notice of cancellation, by a doctor, physician assistant, or nurse practitioner agreeable to you and Life Time Fitness. If you cancel after the three business days, Life Time Fitness may retain or collect a portion of the contract price equal to the proportionate value of the services or use of facilities you already received. Any refund due to you shall be paid within 30 days of effective date of cancellation.

**The Following Terms and Conditions are Specific to Residents of Illinois:**

In the event of the relocation of a customer's residence to farther than 25 miles from a Life Time Fitness facility, and upon the failure of Life Time Fitness to designate a center, with comparable facilities and services within 25 miles of the customer's new residence, which agrees to accept Life Time Fitness' obligations under the contract, the customer may cancel the contract and shall be liable for only that portion of the charges allocable to the time before reasonable evidence of such relocation is presented to Life Time Fitness, plus a $50.00 fee.

*Step Four – Today's Payment*

## TODAY'S PAYMENT for Kids Classes – All Students

I agree to pay today the amount of $_____ , which is payment for any classes that occur before Life Time Fitness, Inc. or its subsidiaries or agents ("LTF") withdraws my first recurring Kids Activities program fee ("Monthly Program Fee") which is prorated according to number of classes left this month.

○ Credit Card      ○ Club Tab      ○ LT Bucks $___      ○ Check      ○ Cash

| Cardholder Name | Check/Credit Card Number | Type | Exp. Date | ZIP |
|---|---|---|---|---|
| | | | | |

Signature of Cardholder



Step Five – Monthly Payment Set Up

## MONTHLY CLASS FEE for Kids Classes - Student 1

I agree to pay the Monthly Program Fee of $_____ on a recurring basis beginning the month of _____. I authorize LTF, without further notice, to withdraw the Monthly Program Fee from the financial account designated for payment of my monthly Membership Dues ("EFT") between the first and fifth of each month. I am an account holder and I have actual authority to use the credit card or bank account with which my Monthly Program Fee payments will be made. In order to cancel or withdraw authorization for this recurring Monthly Program Fee payment, I agree to follow the Cancellation Policy below.

I have read this Agreement thoroughly, understand all of its terms, received a copy if I request it, and have knowingly and voluntarily signed it. IF PARTICIPANT IS UNDER 18 YEARS OF AGE: I, the undersigned parent or legal guardian of the participant, hereby execute the foregoing for and on behalf of the participant.

X_____
Signature                                          Date

## MONTHLY CLASS FEE for Kids Classes - Student 2

I agree to pay the Monthly Program Fee of $_____ on a recurring basis beginning the month of _____. I authorize LTF, without further notice, to withdraw the Monthly Program Fee from the financial account designated for payment of my monthly Membership Dues ("EFT") between the first and fifth of each month. I am an account holder and I have actual authority to use the credit card or bank account with which my Monthly Program Fee payments will be made. In order to cancel or withdraw authorization for this recurring Monthly Program Fee payment, I agree to follow the Cancellation Policy below.

I have read this Agreement thoroughly, understand all of its terms, received a copy if I request it, and have knowingly and voluntarily signed it. IF PARTICIPANT IS UNDER 18 YEARS OF AGE: I, the undersigned parent or legal guardian of the participant, hereby execute the foregoing for and on behalf of the participant.

X_____
Signature                                          Date

## MONTHLY CLASS FEE for Kids Classes - Student 3

I agree to pay the Monthly Program Fee of $_____ on a recurring basis beginning the month of _____. I authorize LTF, without further notice, to withdraw the Monthly Program Fee from the financial account designated for payment of my monthly Membership Dues ("EFT") between the first and fifth of each month. I am an account holder and I have actual authority to use the credit card or bank account with which my Monthly Program Fee payments will be made. In order to cancel or withdraw authorization for this recurring Monthly Program Fee payment, I agree to follow the Cancellation Policy below.

I have read this Agreement thoroughly, understand all of its terms, received a copy if I request it, and have knowingly and voluntarily signed it. IF PARTICIPANT IS UNDER 18 YEARS OF AGE: I, the undersigned parent or legal guardian of the participant, hereby execute the foregoing for and on behalf of the participant.

X_____
Signature                                          Date